# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

NAPOLEON OLIVERA,

        Plaintiff,

vs.

CLARK COUNTY NV/CCDC, *et al.*,

        Defendants.

2:18-cv-00896-APG-VCF

**ORDER**

MOTION FOR DISCOVERY [ECF NO. 9], MOTION FOR COUNSEL [ECF NO. 10]

Before the Court is Plaintiff Napoleon Olivera's Motion for discovery (ECF No. 9) and Motion to Appoint Counsel (ECF No. 10). For the reasons discussed below, Plaintiff's motion for discovery is granted in part and his motion for counsel is denied.

## MOTION FOR DISCOVERY

**I.  Background**

Plaintiff's case arises from an incident that allegedly took place while Plaintiff was incarcerated at Clark County Detention Center ("CCDC"). (ECF No. 6 at 1). Plaintiff asserts that on May 26, 2016, he slipped in the shower and was dragged out of the shower by Officer Church, causing additional injuries and emotional distress. (*Id.* at 4). Plaintiff's allegations against Officer Church do not include a first name or any kind of identifying number for the officer.

On June 4, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint. (ECF No. 5). The Court held that Plaintiff's claims could proceed against several Doe Defendants and Officer Church. (*Id.* at 9). A summons was issued for Officer Church. (ECF No. 7). The summons could not be executed because there are "multiple employees with the last name Church" at CCDC, and "no P# [was] provided." (ECF No. 8). Plaintiff now moves for an order for

1

Defendants "to produce under seal to this Court [t]he identity and contact information of defendants Officer Church and nurse (Jane Doe) [s]o Plaintiff is able to properly serve them." (ECF No. 9 at 2).

## II. Legal Standard

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "[W]here the identity of alleged defendants will not be known prior to the filing of a complaint…the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "To determine whether to grant a request for early discovery, the court shall apply the conventional 'good cause' standard that weighs the need for discovery to further justice against the prejudice to the opposing party." *QOTD Film Inv. Ltd. v. Does 1-30*, No. 2:16-cv-00928-APG-GWF, 2016 WL 8735619, at *2 (D. Nev. May 6, 2016).

> Courts in this district apply a three-factor test when considering motions for early discovery to locate certain defendants. [*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)]. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss.

*QOTD Film Inv. Ltd*, 2016 WL 8735619 at *2.

Federal Rule of Civil Procedure 45(c)(2)(A) authorizes the Court to issue a *subpoena duces tecum* for production of documents or information. "Because personal service of a *subpoena duces tecum* is

2

required under Rule 45(b), '[d]irecting the Marshal's Office to expend its resources personally serving a subpoena [for an *in forma pauperis* plaintiff] is not taken lightly by the court.'" *Ronnie Edwards v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-01316-JAD-CWH, 2014 WL 7012436, at *3 (D. Nev. Dec. 12, 2014) (quoting *Frazier v. Redding Police Dep't,* 2012 WL 5868573 (E.D. Cal. Nov. 19, 2012)). "Normally, a motion for issuance of *subpoena duces tecum* should clearly identify the documents sought and show that the records are only obtainable through the identified non-party." *Id.*

**III.    Analysis**

The Court finds good cause to allow Plaintiff to conduct some limited discovery at this point in the case to identify Officer Church. Plaintiff has given a last name for the officer and a specific date of the alleged incident, indicating Officer Church is an individual who can be sued in federal court. Though Plaintiff has not indicated previous steps taken to locate Officer Church, it is not clear what steps he could take while he is currently being incarcerated at another facility. (ECF No. 6 at 1). Because Plaintiff's complaint was previously screened, the Court is satisfied that his claim against Officer Church could potentially withstand a motion to dismiss. The Court will issue a *subpoena duces tecum* to the custodian of records for CCDC to identify Officer Church. Given the officer's last name and the specific date when the alleged incident took place, it seems probable that CCDC can identify the specific Officer Church at issue in this case.

The Court does not find good cause to allow discovery into the Jane Doe nurse at this time. Though Plaintiff has provided the specific date when the alleged incident took place, Plaintiff has not provided any other identifying information for the nurse. It is not clear that CCDC will have the necessary information to identify the nurse at this time. Discovery on this point can take place later in the case, if Officer Church can be served and the parties can hold a Rule 26(f) conference.

## MOTION TO APPOINT COUNSEL

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). The court may appoint counsel for an indigent plaintiff only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citations and internal quotation marks omitted).

The Court finds there are not exceptional circumstances warranting the appointment of counsel at this time. The case is in its very early stages, making it difficult to examine the likelihood of Plaintiff's success on the merits. Though Plaintiff asserts he "doesn't understand the laws and rules involved in this process," (ECF No. 10 at 3), he has successfully followed the orders of the Court in this case, and his case does not appear to be particularly complex. In addition, there is no indication that Plaintiff is having trouble understanding English. (*Id.*). Therefore, Plaintiff's motion to appoint counsel is denied at this time.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for discovery (ECF No. 9) is GRANTED IN PART as outlined below:

1. The Clerk of Court shall issue the attached *subpoena duces tecum* to the custodian of records at CCDC directing the custodian to provide to the Clerk of Court, the first and last name, and P# of Defendant Officer Church, if Defendant Officer Church is no longer a current employee of CCDC, the last known address of Officer must be provided.

2. The Clerk of Court is directed to deliver the *subpoena duces tecum* and a copy of this Order to the USMS.

3. The USMS shall serve the *subpoenas duces tecum* and a copy of this order on the custodian of records at CCDC.

4. The custodian of records must respond to the *subpoenas duces tecum* within 14 days of receipt. The custodian shall provide its response to the Clerk of Court. If Defendant Officer Church is longer a current employee, the Clerk of Court is directed to file Defendant Officer Church's last-known address under seal. Then, the Clerk of Court will issue a summons to Officer Church based on this information and deliver the summons, complaint, and a copy of this order to the USMS. (The summons will be sealed if Officer Church is no longer an employee of CCDC and his last known address is provided.)

5. Within 20 days after receiving the (sealed) summons, the USMS shall attempt to serve the summons and complaint on Defendant Officer Church. Upon receiving the summons return of service, the Clerk of Court will mail a copy of the return to the Plaintiff.

6. If the USMS is unable to serve the Defendant and Plaintiff wishes to have service again attempted, he must file a motion with the Court within 20 days. His motion must specify a more detailed name and/or address for the Defendant, or whether some other manner of service should be attempted. Under Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 10) is DENIED WITHOUT PREJUDICE.

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 1st day of August, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| NAPOLEON OLIVERA | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-00896-APG-VCF |
| CLARK COUNTY NV/CCDC, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Clark County Detention Center

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: First and last name, and P# of Officer Church that was involved in the slip and fall shower incident of Napoleon Olivera on May 26, 2016, at Clark County Detention Center. If Officer Church is no longer an employee of CCDC, the last known address, must be provided.

| Place: Clerk of Court, District Court of Nevada<br>333 Las Vegas Blvd S., Las Vegas, Nevada 89101 | Date and Time:<br>08/15/2019 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:18-cv-00896-APG-VCF

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]  [ Save As... ]  [ Add Attachment ]  [ Reset ]

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).