**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

NAPOLEON OLIVERA,

        Plaintiff,

vs.

CLARK COUNTY NV/CCDC et al.,

        Defendants.

2:18-cv-00896-APG-VCF

**ORDER**

RESPONSE TO NOTICE OF INTENT TO DISMISS [ECF NO. 15]

Before the Court is pro se plaintiff Napoleon Olivera's response to the Court's notice of intent to dismiss. (See ECF Nos. 14 and 15). The Court construes plaintiff's response as a motion for an extension of time to serve process upon defendant Officer Church pursuant to the liberal pleading standards for pro se litigants. See e.g. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)("A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court grants plaintiff's motion in part. (ECF No. 15).

**I.    Background**

On May 26, 2016, while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC"), plaintiff alleges that Officer Church dragged him out a shower and injured him. (ECF No. 6 at 1). Plaintiff's allegations against Officer Church do not include a first name or any kind of identifying number for the officer. On August 1, 2019, this Court found that plaintiff showed good cause to conduct limited discovery to learn the identity of Metro Officer Church. (ECF No. 11). The Court issued, "a subpoena duces tecum to the custodian of records for CCDC to identify Officer Church." (*Id*. at 3). The

1

Court found that, "[g]iven the officer's last name and the specific date when the alleged incident took place, it seems probable that CCDC can identify the specific Officer Church at issue in this case." (*Id.*) On August 7, 2019, the U.S. Marshalls Service served the subpoena on the CCDC Custodian of Records, commanding the CCDC to (1) provide the first and last name, and police number, of Officer Church that was involved in the shower incident described by plaintiff, and/or (2) if Officer Church is no longer an employee, to provide Officer Church's last known address to the Clerk of Court by August 15, 2019. (ECF No. 12 at 2). Plaintiff argues in his motion to extend time that because the CCDC did not comply with the subpoena that he is still unable to serve defendant Church. (ECF No. 15 at 2).

**II.    Analysis**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id*. District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Troxell v. Fedders of N. Am. Inc*., 160 F.3d 381, 383 (7th Cir.1998)).

CCDC has not complied with this Court's subpoena, through no fault of the plaintiff. Defendant will not be prejudiced by another 90-day extension, while plaintiff will be prejudiced if the Court dismisses the complaint because the incident happened in 2016, and it is likely that plaintiff will be unable to refile his complaint due to potential statute of limitations issues. The Court grants plaintiff an

2

extension under Federal Rule of Civil Procedure 4(m) to properly serve the defendant with the complaint and a summons.

The Court also, sua sponte, directs the Clerk of Court to mail a copy of this Order and a copy of the subpoena that the USMS previously served (ECF No. 13) to LVMPD's General Counsel Liesl Freedman, Esq., at 400 S. Martin L. King Blvd., Las Vegas, NV 89106. If CCDC does not comply with the subpoena within 30 days of this Order, the Court may pursue further action, including but not limited to issuing an order to show cause.

ACCORDINGLY,

IT IS ORDERED that plaintiff Napoleon Olivera's response, construed as a motion to extend time to serve process (ECF No. 15), is GRANTED IN PART: the time for plaintiff to serve the defendant with a summons and a copy of the complaint is extended to Monday, July 27, 2020.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to mail a copy of this Order and a copy of the subpoena that the USMS previously served (ECF No. 13) to LVMPD's General Counsel Liesl Freedman, Esq., at 400 S. Martin L. King Blvd., Las Vegas, NV 89106.

IT IS FURTHER ORDERED that CCDC has until Thursday, May 28, 2020 to comply with this Court's subpoena (ECF No. 13).

IT IS SO ORDERED.

DATED this 28th day of April 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE